**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TERESA A. BAILEY,**

                        **Plaintiff,**

**-vs-**                                                      **Case No.  6:07-cv-810-Orl-18DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 9)** |
| **FILED:** | **July 25, 2007** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

        Defendant moves to dismiss the Complaint for lack of jurisdiction pursuant to Rule 12(b)(1),

Fed. R. Civ. P., contending that the Complaint in this action was untimely filed.  This Court agrees.

        As indicated by Plaintiff's response to the motion (Doc. No. 11), the relevant facts are not in

dispute.  On October 5, 2005, the Administrative Law Judge issued a partially favorable decision on

Plaintiff's claims for benefits. (*See* Declaration of Patrick J. Herbst).  Plaintiff requested Appeals

Council review of the ALJ's decision, and on March 1, 2007, the Appeals Council denied Plaintiff's

request for review.  *Id.*  Therefore, under applicable regulations, both Plaintiff and Defendant agree

that Plaintiff had until May 7, 2007, in which to file a civil action for review in this Court.  The docket

reflects that the Complaint was filed on May 14, 2007 (Doc. No. 1), a full week after the deadline.

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and

the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal citations and quotations omitted).  Under 42

U.S.C. § 405(g), a civil action must be commenced within 60 days after the Commissioner has mailed

the notice of decision, or within such further time as the Commissioner may allow.  The regulations

provide that the date of receipt of the notice of denial of the request for review is presumed to be five

days after the date of the notice, unless there is a reasonable showing to the contrary.   20

C.F.R.§ 422.210.  Here, no such showing has been alleged.  Moreover, although the Commissioner

has promulgated regulations that allow a claimant to seek an extension of time from the Appeals

Council, no such extension was sought or granted here.  20 C.F.R. § 404.982.  Thus, it is clear that

the filing of the Complaint in this case was impermissibly untimely.

Plaintiff does not dispute that the filing was untimely, but contends that the limitations period

should be equitably tolled because:

1.  On May 2, 2007, counsel "assumedly mailed" the Complaint, summonses and filing fee

"via regular mail to the Clerk of the U.S. District Court" at the Court's correct address (Doc. No. 11

at 2);

2.  Counsel received a clerk's Receipt which indicated May 14, 2007 as the date the clerk

received the mailing; and

3.   "Assuming the mailing indeed was provided to the U.S. Postal Service (USPS) on May

2, 2007 for delivery to the clerk's office, the undersigned does not understand why twelve (12) days

elapsed before the mailing was received by the clerk's office on May 14, 2007." (Doc. No. 11 at 2).

The Court does not understand the delay either, but such is irrelevant in any event.  As

acknowledged by Plaintiff, equitable tolling has been applied only in exceptional circumstances and

"[n]o case law has been found regarding the allowance of "equitable tolling" where a complaint

against the Commissioner was mailed to the clerk at least five (5) days before the filing deadline, but

which complaint was not received by the clerk until after the filing deadline." *See, generally, Waller*

*v. Commissioner of Social Security,* 168 Fed. Appx. 919, 2006 WL 460899 (11th Cir. 2006)

(unpublished) (equitable tolling is reserved for extraordinary circumstances, usually requiring some

affirmative misconduct on behalf of defendant).

Even absent such case law, the Court does not find that the circumstances present here justify

such extraordinary relief.  Counsel's office is in the same city as the courthouse yet counsel did not

hand-deliver the papers, despite the looming deadline.  While this is not necessarily unusual or

improper, counsel also chose to mail the papers by regular mail, and not by overnight or registered

mail which would have guaranteed delivery by a date certain and assured him of timely receipt.

Having chosen to send the papers by regular mail, counsel still could have avoided the situation by

checking with the Clerk on or before the filing deadline to confirm receipt of the mailing, and, lacking

same, counsel could have hand-delivered a copy of the complaint and other papers in order to meet

the jurisdictional deadline.  Yet there is no indication that counsel contacted the Clerk's office to

inquire as to the status of the papers at any time before or after the case was filed..  Rather, it appears

that counsel, with full knowledge of the approaching deadline, "assumedly" sent the papers by regular

mail and then promptly forgot about them.  While unfortunate, this scenario is insufficient to equitably

toll the jurisdictional deadline.

It is **respectfully recommended** that the motion be **granted** and the case dismissed.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on August 1, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy